Jacqueline RINEHART, as Administratrix of the Estate of Jack Warren Rinehart, Plaintiff,

v.

CONSOLIDATION COAL COMPANY, a corporation, and Wilford Devine, Defendants.

Civ. A. No. 86–0161–C(K).

United States District Court, N.D. West Virginia, Clarksburg Division.

March 25, 1987.

Wesley W. Metheney, Morgantown, W.Va., for plaintiff.

Robert M. Steptoe, Jr., Clarksburg, W.Va., and Daniel L. Fassio, Consolidation Coal Co., Pittsburgh, Pa., for defendants.

## ORDER

KIDD, District Judge.

This action was originally commenced in the Circuit Court of Monongalia County, West Virginia. Plaintiff is the Administratrix of the Estate of Jack Warren Rinehart and is a citizen and resident of the State of West Virginia. The defendant corporation is organized under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania. Defendant Devine is a resident of the State of West Virginia.

Plaintiff's complaint is a *Mandolidis* action against the decedent's employer and superintendent where he was employed at the time of his death, *Mandolidis v. Elkins Industries, Inc.*, 246 S.E.2d 907 (W.Va. 1978). Plaintiff alleges in paragraph 2 in part:

> ... On or about October 22, 1984, the defendant Consol and its agent and superintendent, the defendant DEVINE acted with deliberate intention in causing the death of Jack Warren Rinehart.

Paragraph 3 of plaintiff's complaint alleges in part that:

> Notwithstanding all of the above, on October 22, 1987, the defendants, CONSOL and DEVINE intentionally exposed plaintiff's decedent, Jack Warren Rinehart, to the aforesaid unsafe working conditions and as a direct result and proximate result thereof Jack Warren Rinehart was fatally injured.

The removal petition herein is premised upon diversity of citizenship and asserts that defendant Devine is "fraudulently and improperly joined" in this action.

Plaintiff has filed a motion to remand with supporting memorandum of law. The defendant Consol has filed its memorandum in opposition to remand.

■ The test for fraudulent joinder is whether there is an arguably reasonable basis for predicting that state law might impose liability on the facts involved. *Con-tinental Oil Co. v. PPG Industries, Inc.*, 355 F.Supp. 1183 (S.D.Tex.1973); *Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976); *Chevron U.S.A., Inc. v. Aquillard*, 496 F.Supp. 1038 (M.D.La.1980). If there is a real possibility that the plaintiff has stated a cause of action the joinder is not fraudulent and the action should be remanded. *Charest v. Olin Corp.*, 542 F.Supp. 771, (N.D.Ala.1982); *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir.1979).

■ Fraudulent joinder must be alleged with particularity. *Picquet v. Amoco Production Co.*, 513 F.Supp. 938, 70 OGR 22 (M.D.La.1981). Fraudulent joinder must be proved by clear and convincing evidence consisting of facts rightly leading to that conclusion, apart from the deductions of the pleader. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 66 L.Ed. 144, 42 S.Ct. 35 (1921). *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). When the issue of fraudulent joinder is raised, a court may look to the entire record and any means available to determine the propriety of such joinder. *Wiley v. Safeway Stores, Inc.*, 400 F.Supp. 653 (N.D.Okla.1975).

■ To establish that an in-state defendant has been fraudulently joined, the removing party must show either:

> (1) That there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

> (2) That there has been outright fraud in the plaintiff's pleading of jurisdiction facts.

*See B., Inc. v. Miller Brewing Co., supra* at 549; also, *Charest v. Olin Corp., supra* at 775. All factual allegations must be evaluated in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *Charest v. Olin Corp., supra* at 775; *Keating v. Shell Chemical Company*, 610 F.2d 328 (5th Cir.1980); *Tedder v. F.M.C. Corp., et al., supra.* Also, the district court must resolve any uncertainties as to current state of controlling law in favor of plaintiffs, *Charest v. Olin Corp., supra* at

**1142**

775; *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172 (5th Cir.1968).

■ Viewing the allegations in a light most favorable to the plaintiff, and resolving all contested issues of substantive fact in favor of the plaintiff, the complaint herein sufficiently states a cause of action against Devine in the allegations of "deliberate intention" as contemplated by W.Va. Code § 23-2-6a and *Mandolidis, supra* at p. 920–921. Immunity from liability for fellow employees is extended "when he is acting in furtherance of the employer's business *and* does not inflict injury with deliberate intention." Here, taking the allegations as true, such immunity would not apply. The defendant has not offered competent proof showing outright fraud in plaintiff's pleading of jurisdictional facts. Further, it is the opinion of the Court that there is a "possibility," as discussed above, that the state court may find a valid claim asserted against Devine given the above allegations and statutory language. The Court therefore concludes that the defendant has not met the "heavy" burden placed upon those who cry "fraudulent joinder." *See B., Inc. v. Miller Brewing Company, supra* at 549.

For the above reasons, the Court finds that this action was removed improvidently and without jurisdiction.

Accordingly, the Court GRANTS plaintiff's motion to remand.

It is therefore ORDERED that this action be, and the same is hereby, REMANDED to the Circuit Court of Monongalia County, West Virginia.