**Robert A. COLEY, Plaintiff,**

v.

**DRAGON LIMITED, and Compagnie Africaine D'Armement, Defendants and Third–Party Plaintiffs,**

v.

**The VIRGINIA PILOT ASSOCIATION, Third–Party Defendant.**

**Civ. A. No. 89–729–N.**

United States District Court, E.D. Virginia, Norfolk Division.

April 30, 1990.

Jesse M. Suit, III, Norfolk, Va., for plaintiff.

R. Arthur Jett, Jr., Norfolk, Va., for defendants and third-party plaintiffs.

Morton H. Clark, Norfolk, Va., for third-party defendant.

## FINAL ORDER

CLARKE, District Judge.

United States District Judge J. Calvitt Clarke, Jr., by an order entered on March 22, 1990, designated Magistrate William T. Prince to conduct a hearing and to submit to a judge of the court proposed recommendations for disposition by the judge of plaintiff's Motion to Supplement and Amend his Complaint and Motion to Remand the case to the Circuit Court of the City of Norfolk, Virginia.

The Magistrate's Report and Recommendation was filed on April 10, 1990 recommending that the motion of the plaintiff to amend the complaint be granted and that the complaint be amended as set forth in the plaintiff's motion. It was further recommended that the motion of the plaintiff to remand the cause to the Circuit Court of the City of Norfolk be granted. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate. The Court has received no objections to the Magistrate's Report and Recommendation and the time for filing same as expired.

The Court does hereby accept the findings and recommendations set forth in the report of the United States Magistrate filed April 10, 1990 and it is, therefore, ORDERED that the complaint be amended as set forth in plaintiff's motion and that the case be remanded to the Circuit Court of the City of Norfolk, Virginia.

## MAGISTRATE'S REPORT AND RECOMMENDATION

WILLIAM T. PRINCE, United States Magistrate Judge.

### Order of Designation

United States District Judge Clarke, by an order entered on March 22, 1990, designated the undersigned magistrate to conduct a hearing and to submit to a judge of the court proposed recommendations for disposition by the judge of plaintiff's Motion to Supplement and Amend his Complaint and Motion to Remand the case to the Circuit Court of the City of Norfolk, Virginia.

A hearing was held on March 23, 1990.

## NATURE OF THE CASE

### Alleged Factual Background

Plaintiff Robert A. Coley ("Coley") is a ship's pilot and a member of the Virginia Pilot Association. On or about August 20, 1989 Coley was piloting a merchant vessel which was outbound from Hampton Roads. The Virginia Pilot Association ("V.P.A.") dispatched a launch in order to remove Coley from the vessel. The launch maneuvered to a position alongside the merchant vessel and Coley began to descend a rope pilot ladder leading to the launch. The rope broke causing Coley to fall approximately twenty feet to the deck of the launch.

### Procedural Background

Coley, by counsel, filed a Motion for Judgment in the Circuit Court of the City of Norfolk, Virginia, on October 5, 1989, against Compagnie Nouvelle de Navigation and France Shipmanagement as a result of injuries allegedly received from the fall.

On October 24, 1989, those defendants filed a Notice of Removal removing the case from the Circuit Court of the City of Norfolk to this court. Defendants claimed this court has original jurisdiction pursuant to 28 U.S.C. § 1331 based upon the maritime nature of the incident, as well as diversity jurisdiction as between citizens of different states and involving a matter in controversy exceeding fifty thousand dollars ($50,000.00) pursuant to 28 U.S.C. § 1332. Coley is a citizen of Virginia and Compagnie Nouvelle de Navigation and France Shipmanagement are citizens of France.

On December 6, 1989, this court entered an order substituting Dragon Limited, a citizen of Bermuda, and Compagnie Africaine D'Armement, a citizen of France, as defendants and dismissing Compagnie Nouvelle de Navigation and France Shipmanagement from the action, it appearing that the former were the registered owners of the merchant vessel on the date of the incident.

Dragon Limited and Compagnie Africaine D'Armement (collectively "Dragon") thereafter filed a third-party complaint against the Virginia Pilot Association, a citizen of Virginia for diversity purposes.

Plaintiff filed a Motion to Supplement and Amend his Complaint in order to add the Virginia Pilot Association as a party defendant. In addition, plaintiff filed a Motion to Remand, with accompanying memorandum, claiming that the Virginia Pilot Association is an indispensable party in the action pursuant to Federal Rule of Civil Procedure 19(b) and the necessary addition of V.P.A. as a party defendant destroys diversity of citizenship and divests this court of jurisdiction to hear the case.

## DISCUSSION

### Motion to Supplement and Amend Complaint

■ Plaintiff Coley contends that discovery has revealed a factual dispute as to whether the V.P.A.'s launch came into contact with the pilot ladder of the merchant vessel either during or before plaintiff's descent, thereby contributing to the breaking of the ladder. Believing that reasonable minds could differ as to the fault, if any, of V.P.A. with regard to plaintiff's injury, plaintiff moves to amend his original Motion for Judgment filed in the Circuit Court of the City of Norfolk to add Virginia Pilot Association as a party defendant.

A 1988 amendment to 28 U.S.C. § 1447 concerning procedure after removal of an action from a state court states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, in order to ascertain the applicability of § 1447(e), it is first necessary to determine if the addition of V.P.A. as a party defendant would destroy subject matter jurisdiction.

The addition of a nondiverse party defendant defeats diversity jurisdiction just as it would if the plaintiff had included the third-party defendant in the suit initially. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 367, 98 S.Ct. 2396, 2399, 57 L.Ed.2d 274 (1978). Furthermore, no type of joinder rule or ancillary jurisdiction, including ancillary jurisdiction under 28 U.S.C. § 1441(c) for cases removed from state court, is available to overcome the statutory requirement of 28 U.S.C. § 1332. Congress reaffirmed its commitment to a strict requirement of complete diversity when, in drafting § 1447(e) it rejected a middle ground option that would have allowed joinder and at the same time permitted the court in its discretion to keep the case for adjudication. *See* H.R.Rep. No. 100–889, 100th Cong., 2d Sess., reprinted in 1988 U.S.Code Cong. & Admin.News 5982, 6033. It is clear, therefore, that the addi-

tion of V.P.A., a nondiverse defendant, destroys diversity jurisdiction in this action.

The next question is whether an alternative basis of federal jurisdiction exists for removal of the action from the state court and retention of the case by the federal court. In its removal petition, defendant Dragon claimed subject matter jurisdiction based on the admiralty nature of this claim under Federal Rule of Civil Procedure 9(h), as well as diversity jurisdiction.

█ Section 1331 of Title 28 of the United States Code provides that "[d]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1333(1) of that title gives the federal district courts "original jurisdiction, exclusive of the courts of the States," over admiralty and maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled." Despite the apparent grant of exclusive federal jurisdiction in admiralty and maritime cases, the "saving clause" is interpreted to reserve to suitors the right of a common law remedy "in all cases where the common law is competent to give it." *Leon v. Galceran,* 78 U.S. (11 Wall.) 185, 191, 20 L.Ed. 74 (1871). Since the common law is competent in all cases where the suit is *in personam,* a plaintiff in such cases may elect either to proceed in admiralty or to bring an ordinary civil action, either in state court or in federal court if diversity or some other form of federal jurisdiction is available.[1] *Pryor v. American President Lines,* 520 F.2d 974, 976 (4th Cir. 1975), *cert. denied,* 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 644 (1976); *See* Fed. R.Civ.P. 9(h). The significance of the election to proceed in admiralty or as an ordinary civil action relates to distinctive procedural requirements and remedies available in admiralty claims and the fact that there

is no right to trial by jury of an admiralty claim. *See* Fed.R.Civ.P. 14(c); Fed.R.Civ.P. 38(e); Fed.R.Civ.P. 82; Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P., A—F.

Maritime actions arising under the general maritime law are not claims that arise under the "Constitution, treaties, or laws of the United States" for purposes of invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1958). The general maritime law of the United States is defined as a branch of federal common law that furnishes the rule of decision in admiralty and maritime cases in the absence of preemptive legislation. *See The Lottawanna,* 88 U.S. (21 Wall.) 558, 22 L.Ed. 654 (1874).

█ *Romero's* holding that maritime claims are not encompassed within the "arising under" clause of § 1331 is equally applicable to the "arising under" clause of § 1441(b), the federal removal statute.[2] *Superior Fish Co., Inc. v. Royal Globe Ins. Co.,* 521 F.Supp. 437, 440 (E.D.Pa. 1981). The rationale underlying the Court's decision in *Romero* was that if maritime claims "arose under" the laws of the United States, defendants, by use of the removal statute, could eviscerate the traditional choice of plaintiffs to elect a state law forum and remedy under the "savings to suitors clause" of 28 U.S.C. § 1333. *Id.* Thus it is now clear that, except when there exists some basis for federal jurisdiction other than admiralty, (such as diversity jurisdiction), maritime litigation brought in state courts cannot be removed to federal courts. *Porrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1066 (5th Cir.1981). The removal of cases of an admiralty nature that are jurisdictionally

---

1. Exceptions to the rule of concurrent jurisdiction include actions *in rem* and suits brought under specific statutes in which Congress has conferred exclusive admiralty jurisdiction upon the federal courts. *See* Supplemental Admiralty Rules C and D, Fed.R.Civ.Pro.; 46 U.S.C.App. § 183 *et seq.;* 46 U.S.C.App. § 911 *et seq.;* 46 U.S.C.App. § 741 *et seq.;* 46 U.S.C.App. § 781 *et seq.*

2. Section 1441(b) of Title 28, United States Code states, in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties ...".

founded upon complete diversity of citizenship, while defeating the plaintiff's choice of forum, does not violate the "saving to suitors clause" because the common law remedies and right to a jury trial are preserved. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360, 82 S.Ct. 780, 783–84, 7 L.Ed.2d 798 (1962).

In its Notice of Removal, Dragon claimed jurisdiction of this court based upon diversity jurisdiction and federal question jurisdiction over admiralty claims. In light of *Romero*, federal question jurisdiction based on the admiralty nature of Coley's claim is only available as a source of subject matter jurisdiction if complete diversity exists because *removal without diversity is not permitted in this type of case.* Both bases of claimed jurisdiction depend, then, upon the existence of diversity. Although complete diversity existed at the time of removal, the plaintiff's subsequent motion to amend his complaint to add V.P.A. as a party defendant threatens to defeat diversity and therefore implicates § 1447(e). Since no alternative form of jurisdiction is available, and since it has been determined that 28 U.S.C. § 1447(e) applies in this case because joinder will destroy diversity jurisdiction, it is therefore necessary to decide if joinder should be permitted or denied.

■ Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires, and Rule 20 permits joinder of proper parties. The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment and should conduct a balancing of the equities involved. *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989). On the one hand is the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and ineffi-

cient use of judicial resources. *Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862 (S.D.Fla.1989). On the other hand, the diverse defendant has an interest in keeping the action in federal court. *Id.*

The Fifth Circuit in *Hensgens*, although decided before the enactment of § 1447(e), outlined several factors to be considered in determining whether a joinder and remand is appropriate.[3] These factors include: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

■ The first factor to be considered is whether the plaintiff seeks amendment for the purpose of defeating this court's subject matter jurisdiction. Statements contained in plaintiff's deposition, taken March 9, 1990, contradict allegations contained in the plaintiff's proposed amended complaint regarding the potential liability of V.P.A. (see abstract of Deposition of Robert A. Coley, attached to V.P.A.'s brief in opposition to Coley's Motion to Amend). The deposition statements *indicate that, at least at the time of the deposition,* Coley did not believe he had a claim against V.P.A. Third-party defendant V.P.A.'s brief opposing the amendment of the plaintiff's complaint points out this inconsistency and states that plaintiff's case can rise no higher than his own testimony. At the hearing, counsel for plaintiff reiterated that a factual question now exists as to which vessel, if either, was guilty of negligence proximately causing plaintiff's injury, and that it is necessary for the plaintiff to be able to put all evidence regarding this matter before the jury for its decision on proper liability.

■ Defendant Dragon's brief opposing plaintiff's motion to amend and remand focuses on the likely consequence of allow-

---

**3.** Section 1447(e) is considered by several courts to be essentially a codification of *Hensgens*, which held that a district court *must* remand to state court if it permits an amendment adding a non-diverse party. *See Heininger v. Wecare Dis-*

*tributors, Inc.*, 706 F.Supp. 860, 862 (S.D.Fla. 1989) and *Berrera v. Hyundai Motors America Corp.*, No. 89–1665 (E.D.La.1989) (1989 WL 62545).

ing the addition of V.P.A. as a party defendant: remand of the case to the state court due to lack of subject matter jurisdiction of this court. Dragon points out that a plaintiff cannot defeat the federal court's removal jurisdiction merely by amending the complaint to eliminate the basis of subject matter jurisdiction. *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–186, 27 S.Ct. 184, 188, 51 L.Ed. 430 (1906). Dragon's argument intimates fraudulent joinder without specifically alleging it. Fraudulent joinder must be alleged with particularity and proved by clear and convincing evidence consisting of facts rightly leading to that conclusion, apart from the deductions of the pleader. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). To establish that an in-state defendant has been fraudulently joined to defeat diversity jurisdiction, the removing party must show either that (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Rinehart v. Consolidation Coal Co.*, 660 F.Supp. 1140 (N.D.W.Va.1987). Clearly defendant Dragon has failed to meet its burden to show fraudulent joinder. In any event, at the hearing Dragon's counsel stated that he was inclined to agree with the plaintiff that V.P.A. was an indispensable party pursuant to Rule 19(b) and that remand was required.[4]

The second factor to be examined is whether the plaintiff was dilatory in asking for amendment. Defendant Dragon filed its petition for removal on October 24, 1989. Coley filed his motion to amend his complaint to add V.P.A. as a party defendant on March 14, 1990. Although there was a delay of nearly five months, Coley explains that only after discovery was commenced did he learn of facts supporting a claim against V.P.A. Dragon and V.P.A. did not argue that Coley should have learned the facts sooner, and the court accepts the statements of Coley's counsel.

The next question to be addressed is whether the plaintiff will be significantly injured by denial of joinder. In support of its motion to add V.P.A. as a party defendant, Coley points out that complete relief cannot be granted in the case's present posture. *See* Fed.R.Civ.P. 19(a). His potential claim against V.P.A. is not protected by the addition of V.P.A. as a third-party defendant. Although Federal Rule of Civil Procedure 14 permits a defendant to implead a third-party of the same citizenship as the plaintiff, the plaintiff cannot assert a claim directly against the third-party defendant unless complete diversity pursuant to 28 U.S.C. § 1332 is maintained or an independent form of jurisdiction is available. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Because plaintiff Coley and third-party defendant V.P.A. are both citizens of Virginia, Coley cannot maintain an action directly against V.P.A. in the case's present posture.

Furthermore, as the plaintiff's brief points out, in the case's present posture with V.P.A. as a third-party defendant, if the jury determines that V.P.A. was negligent in this incident, Coley will not be accorded adequate relief in the present action. He would be forced to bring suit against V.P.A. in state court where the parties' nondiversity of citizenship would not bar jurisdiction. It is likely that in that action, V.P.A. would implead Dragon as a third-party defendant. This consequence would not serve the interest of judicial economy and would leave open the possibility of inconsistent federal and state court judgments. *See Lamar Haddox Contractor, Inc. v. R.B. Potashnick*, 552 F.Supp. 11 (M.D.La.1982).

Therefore, after balancing the equities of the circumstances presented in this case, pursuant to § 1447(e), the court concludes that leave to amend the complaint to add V.P.A. as a party defendant should be granted.

### *Motion to Remand*

■ Having determined that joinder of V.P.A. as a party defendant is appropriate,

---

**4.** See page 467, *infra*, for a discussion as to whether V.P.A. is an indispensable party.

§ 1447(e) prescribes that this case be remanded to state court.

Plaintiff's counsel, in his brief and at the hearing, approached his motion to amend and remand under a Rule 19(b) indispensable party analysis. This court has instead followed the "balancing of the equities" approach adopted by recent court decisions in applying newly enacted § 1447(e). These recent decisions look to the permissive language and accompanying legislative history of § 1447(e) which indicate that Congress intended the courts to have broad discretion to allow joinder even though remand may result. *See* H.R.Rep. No. 100–889, 100th Cong., 2d Sess., reprinted in 1988 Code Cong. & Admin.News 6033; *See also Righetti v. Shell Oil Co.,* 711 F.Supp. 531, 535 (N.D.Cal.1989).

This court is convinced, however, that if it were to employ a Rule 19(b) indispensable party analysis, V.P.A. would be determined to be an indispensable party without which the case could not proceed. Indispensable parties are persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. *Shields v. Barrow,* 58 U.S. (17 Howe) 130, 139, 15 L.Ed. 158 (1854). Federal Rule of Civil Procedure 19(b) lists four factors to be examined in making a determination of indispensability of a party. These factors are to be considered within the context of the particular litigation and in light of the pragmatic effect of the alternatives of proceeding or dismissing the action. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 116–118, 88 S.Ct. 733, 741–42, 19 L.Ed.2d 936 (1968).

The first factor under Rule 19(b) is "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties." As noted above, Coley's interest is not adequately protected by Dragon's third-party complaint seeking indemnity and/or contribution from V.P.A. if a jury determines that V.P.A. was negligent.

The second factor to be considered is "the extent to which, by protective provision in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or voided." The court knows of no way it can accomplish this. The third factor is "whether a judgment rendered in the person's absence will be adequate." Again, unless V.P.A. is a party defendant, Coley cannot be afforded adequate relief if V.P.A. is found responsible for Coley's injuries.

The fourth factor is "whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder." If V.P.A. is determined to be an indispensable party and the action is dismissed for non-joinder of an indispensable party, Coley has an adequate remedy in bringing a state court action against both defendants. The fact that a state court is a ready forum available to all parties favors a finding of indispensability and remand to the state court. *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1015 (3d Cir.1987), *cert. denied,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). *See also Ranger Fuel Corp. v. Youghiogheny and Ohio Coal Co.,* 677 F.2d 378 (4th Cir.1982), *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); *Fortuin v. Milhorat,* 683 F.Supp. 1 (D.D.C.1988). The parties in this action do not dispute that the Virginia state court provides a forum readily amenable to fully adjudicate this case.

Because of the divestment of this court's subject matter jurisdiction caused by the existence of an indispensable but nondiverse party, the result under Rule 19(b) would be dismissal of the action or, alternatively, as in the view of the Third Circuit, remand to the state court. *See Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d at 1010–1011.

Therefore, under either the 28 U.S.C. § 1447(e) analysis as antecedently outlined by the Fifth Circuit in *Hensgens* or the Rule 19(b) analysis as outlined by the Third Circuit in *Steel Valley Authority,* this case

should be remanded to the Circuit Court of the City of Norfolk.

## MAGISTRATE'S RECOMMENDATION

For the reasons stated above, it is recommended that the motion of the plaintiff to amend the complaint be granted and that the complaint be amended as set forth in the plaintiff's motion. It is further recommended that the motion of the plaintiff to remand this cause to the Circuit Court of the City of Norfolk be granted.

Norfolk, Virginia

April 10, 1990