**Constance E. ARTHUR, et al., Plaintiffs,**

v.

**E.I. du PONT, Defendant.**

**Civ. A. No. 2:92–0682.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 17, 1992.

David S. Skeen, Preiser Law Offices, South Charleston, William E. Murray, Mitchell & Murray, Charleston, W.Va., for plaintiffs.

Eric M. James, David B. Thomas, Charles L. Woody, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Plaintiffs' motion to remand this action to the Circuit Court of Kanawha County, West Virginia (the circuit court). For reasons set out more fully below, the Plaintiffs' motion is hereby GRANTED.

The Plaintiffs claim that the Defendant DuPont deliberately and intentionally exposed Ms. Arthur to hazardous chemicals. The claim is based in part upon *W. Va. Code* § 23–4–2 (Supp.1992). A brief summary of this case's procedural history is warranted.

Plaintiffs filed their complaint in this action on June 1, 1990. DuPont was never served with a copy of this complaint. An amended complaint was filed and served in March, 1992, adding Defendant Dr. Robert Leadbetter as a party. The Plaintiffs and Defendant Leadbetter are citizens of the State of West Virginia. DuPont is incorporated and has its principal place of business in Delaware. After being served with the amended complaint, the Defendants filed a notice of removal on April 13, 1992. The Plaintiffs then sought to remand the case to the circuit court. While admitting that complete diversity was lacking, the Defendants maintained that Dr. Leadbetter was fraudulently joined, as the statute of limitations against him had expired. However, Plaintiffs' motion to remand was granted, with an abundance of caution for the proper exercise of this Court's jurisdiction.[1]

Upon remand, the circuit court determined that Defendant Leadbetter should be dismissed on the grounds that the relevant statute of limitations in the action against him had expired. After this ruling, DuPont again sought removal, and on August 13, 1992, the Plaintiffs filed the instant motion to remand to the circuit court.

The Plaintiffs' motion states that removal is improper for three reasons: (1) the dismissal of Dr. Leadbetter was involuntary in nature; (2) the case arises out of the Plaintiff Ms. Arthur's workers compensation claim; and (3) the tort action arising out of the workers compensation claim is not a "separate and independent" action as contemplated by 28 U.S.C. § 1441(c) (1988). Finding the Plaintiffs' first contention to be meritorious, the Court does not address the two additional grounds.

■ It is well-established that the removability of a case depends on the character of the nondiverse defendant's dismissal. If the dismissal occurred at the instance of the plaintiff, it is "voluntary;" if at the instance of the defendant or the court, it is "involuntary." *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162 (4th Cir. 1988) (dictum); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967) (collecting cases). If the dismissal is voluntary, the action may be removed; if involuntary, removal is improper. *Id.*

One reason for the distinction is that an involuntary dismissal subsequently may be appealed by the plaintiff to a state appellate court and reversed. *Higgins*, 863 F.2d at 1166. This would destroy the diversity of the parties, make any action of the federal court a nullity, and offend, thereby,

---

**1.** "If there is a real possibility that the plaintiff has stated a cause of action the joinder is not fraudulent and the action should be remanded." *Rinehart v. Consolidation Coal Co.*, 660 F.Supp. 1140, 1141 (N.D.W.Va.1987) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir.1979)).

traditional notions of judicial economy.[2] See, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir.1992).

 However, a claim of fraudulent joinder is a "well established exception to the voluntary-involuntary rule." *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988); *Poulos*, 959 F.2d at 73. Fraudulent joinder[3] will be found when there is no "arguably reasonable basis for predicting that state law might impose liability on the facts involved." *Rinehart v. Consolidation Coal Co.*, 660 F.Supp. 1140, 1141 (N.D.W.Va.1987); *Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F.Supp. 1104, 1106 (D.S.C.1981); see *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 333 (D.S.C.1979). If a state trial court has dismissed the nondiverse defendant, the inquiry, similarly, is whether there is any reasonable possibility that such judgment will be reversed on appeal. *Poulos*, 959 F.2d at 73.

 In a fraudulent joinder inquiry, the court may look to both the entire record and any other source necessary. *Rinehart*, 660 F.Supp. at 1141. However, the defendant bears a heavy burden in a fraudulent joinder inquiry: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. *Poulos*, 959 F.2d at 73; see, *Rinehart*, 660 F.Supp. at 1141 (citations omitted).

 The complaint against Dr. Leadbetter was filed on March 17, 1992. The circuit court suggested that the Plaintiff, in the exercise of reasonable diligence, should have known of her injury no later than November 16, 1988. The court, consequently, found that the Plaintiffs' claims against Dr. Leadbetter were untimely based upon the statute of limitations contained in *West Virginia Code* § 55–7B–4(a) (Supp.1992).

2. In its response brief, the Defendant contends that the voluntary/involuntary distinction only applies to dismissals of nondiverse defendants *on the merits.* Defendant argues that if the dismissal is *jurisdictional* in nature, as in the instant case, the distinction does not apply. There is some equivocal support for the Defendant's position in Supreme Court cases from the turn of the century and a recent Eleventh Circuit case. See, e.g., *Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900); *Insinga v. LaBella*, 845 F.2d 249 (11th Cir.1988).

This reasoning, however, does not comport with the main rationale behind the voluntary/involuntary distinction: to prevent the costly and time wasting loss of jurisdiction of the federal court following a subsequent state appellate court reversal of the dismissal of the nondiverse defendant. *Higgins*, 863 F.2d at 1166; see *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38 (2d Cir.1980). The Defendant's position ignores the fact that dismissals based on jurisdictional grounds may also be successfully appealed. Such a successful appeal would result in the loss of this Court's jurisdiction over the matter and the unnecessary wasting of time and resources in the pursuit of a meaningless endeavor. The Fourth Circuit Court of Appeals has not addressed the Defendant's contention. Further, this circuit's most oft-cited district court case on the voluntary/involuntary distinction does not draw the Defendant's proposed distinction. *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D.S.C.1979).

The Court therefore chooses to follow the reasoning of those recent decisions which focus solely on whether the plaintiff has voluntarily dismissed a nondiverse defendant, thus precluding a state appellate court reversal. *Abels v. State Farm Fire & Cas. Co.*, 694 F.Supp. 140 (W.D.Pa.1988) (finding involuntary dismissal and ordering remand after state court dismissed all nondiverse defendants based upon the expiration of the statute of limitations); *Ushman by Ushman v. Sterling Drug, Inc.*, 681 F.Supp. 1331 (C.D.Ill.1988) (finding involuntary dismissal and ordering remand after state court dismissed nondiverse defendant for failure to comply with statutory filing/jurisdictional requirements for stating a claim); see also *Power v. Norfolk & Western Ry. Co.*, 778 F.Supp. 468, 470 (E.D.Mo. 1991) (finding no distinction between dismissal based upon summary judgement and dismissal based upon failure to state a claim: "A distinction on substantive grounds is irrelevant to the inquiry regarding removal. What is pivotal in such an inquiry is whether or not a voluntary act of the plaintiff resulted in the dismissal.... When diversity is created by court order, not by voluntary dismissal of the non-diverse defendant *by the plaintiff,* removal is improper.) (citations omitted) (emphasis in original).

3. No particular mental state is required to establish that the plaintiff has "fraudulently" joined a defendant: " 'fraudulent' is a term of art and not intended to impugn the integrity of a plaintiff or counsel." *Weekly v. Olin Corp.*, 681 F.Supp. 346, 349 (N.D.W.Va.1987) (citing *Nobers v. Crucible, Inc.*, 602 F.Supp. 703, 706 (W.D.Pa.1985)).

However, the Plaintiffs' alleged, in part, that Dr. Leadbetter has intentionally concealed and continues to intentionally conceal the true extent of illness suffered by the Plaintiff. A provision of § 55–7B–4 reads as follows:

> (c) The periods of limitation set forth in this section shall be tolled *for any period during which [the defendant] has committed fraud or collusion by concealing or misrepresenting material facts about the injury.*

(emphasis added).

The Court must decide whether there is any reasonable possibility that the judgment of the circuit court on the statute of limitations issue will be reversed on appeal.

Section 55–7B–4 is a relatively new statutory provision. Indeed, the Court's research into this statute reveals that it has only been interpreted once by the Supreme Court of Appeals of West Virginia. *Miller v. Romero,* 186 W.Va. 523, 413 S.E.2d 178 (1991). Therefore, there is little guidance on how the Supreme Court of Appeals will construe the fraudulent concealment provision contained in § 55–7B–4(c).

It would not be unreasonable for the Supreme Court of Appeals to reverse the circuit court's judgment in the instant case. The Court may very well find the statute will not even commence running until the full extent of concealment, if any, is determined by a jury. *Hundley v. Martinez,* 151 W.Va. 977, 988–89, 158 S.E.2d 159, 166 (1967) (stating fraudulent concealment, as it relates to the statute of limitations, is a question for the jury). Further, according to *Rinehart,* the factual issue of intentional concealment must be resolved in favor of the Plaintiff in a fraudulent joinder inquiry. Such a presumption in this case, under § 55–7B–4(c), would clearly toll the running of the statute on the Plaintiffs' claims until the extent of such concealment is determined.

These considerations lead the Court to conclude that a finding of fraudulent joinder would be inappropriate in this case. Since the fraudulent joinder exception is inapplicable, there is no bar to imposing the voluntary/involuntary rule. Consequently, this matter must be remanded to the circuit court, given the involuntary dismissal of Dr. Leadbetter.

The Court, therefore, ORDERS that this action is hereby remanded to the Circuit Court of Kanawha County, West Virginia, for all further proceedings.