**Joe GANDY, Plaintiff,**

v.

**Dr. John CROMPTON, Defendant.**

**Civil Action No. 3:98–cv628WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 16, 1999.

---

William E. Catledge, Catledge Law Firm, Tupelo, MS, for plaintiff.

George Q. Evans, James Paul Tinsley, Wise, Carter, Child & Caraway, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of plaintiff, Joe Gandy, brought pursuant to Title 28 U.S.C. § 1447,[1] to remand this civil action to the Circuit Court of the First Judicial District of Hinds County, Mississippi, where it originated. Defendant, Dr. John Crompton, opposes plaintiff's motion arguing that this court has removal jurisdiction pursuant to the provisions of Title 28 U.S.C. § 1441 *et seq.* and § 1332.[2]

### BACKGROUND

Plaintiff, a Mississippi resident, filed this medical negligence action on October 2, 1997, in state court against nondiverse defendants, Oktibbeha County Hospital, Mississippi Baptist Medical Center, Dr. Kendall Blake, Dr. Martin McMillan and diverse defendant, Dr. John Crompton, a citizen of the State of Alabama. Plaintiff's complaint alleges that defendants' negligent treatment proximately caused plaintiff to suffer loss of plaintiff's right lower extremity. Specifically, plaintiff alleges that the defendants were negligent for: 1) failing to obtain an adequate history of the plaintiff's illness; 2) failing to conduct the

---

1. Title 28 U.S.C. § 1447(c) provides in pertinent part:

   A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

2. Title 28 U.S.C. § 1332 provides in pertinent part:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

   (1) citizens of different States; . . .

proper examinations and tests on a patient exhibiting symptoms such as the plaintiff; and 3) failing properly to diagnose, treat, and repair the plaintiff's injuries to his right lower extremity.

On May 19, 1998, plaintiff filed a motion to amend his complaint in order to dismiss voluntarily Oktibbeha County Hospital from the lawsuit. Said motion was granted on September 28, 1998, by the state court judge, and Oktibbeha County Hospital was voluntarily dismissed. While the above motion was pending, on July 30, 1998, defendant Crompton filed a motion to dismiss nondiverse defendants, Dr. Kendall Blake, Dr. Martin McMillan and the Mississippi Baptist Medical Center, for plaintiff's failure to serve timely said defendants within 120 days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. The state trial judge granted defendant's motion on September 28, 1998, and dismissed the three remaining nondiverse defendants without prejudice.

Immediately after this ruling, on September 28, 1998, defendant Crompton filed his notice of removal in this court based upon diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. Defendant contends that removal was proper pursuant to Title 28 U.S.C. § 1446(b),[3] inasmuch as defendant pursued removal within 30 days after defendant learned that the remaining parties were of diverse citizenship and the matter in controversy exceeded 75,000.00 as required by Title 28 U.S.C. § 1332. Plaintiff, to the contrary, arguing that removal to this court was improper,

asks that this lawsuit be remanded back to state court.

This court, having carefully considered the submissions of counsel, finds that the plaintiff's motion to remand is well taken. For the reasons which follow, this court hereby grants plaintiff's motion and remands this action to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

## ANALYSIS

Title 28 U.S.C. § 1446(b) provides in pertinent part that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." Defendant, relying on the federal diversity of citizenship jurisdiction statute, Title 28 U.S.C. § 1332, contends that removal of this lawsuit was proper since, according to the defendant, the remaining parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Although no specific amount of damages was alleged in plaintiff's complaint,[4] this court is satisfied that the $75,000.00 jurisdictional minimum is satisfied. Plaintiff's interrogatory response clearly alleges damages in the amount of $1,135,000.00. See Pl.'s Resp. to Def.'s Interrogatory No. 11. Thus, this

---

**3.** Title 28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

**4.** Under Mississippi law, plaintiffs are prohibited from alleging a specific amount of damages in medical negligence cases. See Miss. Code Ann. § 11–1–59 (Supp.1998).

court needs only to decide whether it should consider the residency of the nondiverse defendants who were dismissed by the state court.

### 1. *Applicability Of The Voluntary—Involuntary Rule*

■ As a general rule, federal district courts faced with this issue apply what has become known as the "voluntary-involuntary" rule. Under this rule, the removability of a case depends on the character of the nondiverse defendant's dismissal. If the plaintiff initiates the dismissal, it is "voluntary"; if the defendant or the court initiates the dismissal, it is "involuntary". Only if the dismissal is voluntary may the action be removed. *See, e.g., Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939) (clear and definitive expression that plaintiff desired to terminate action against nondiverse defendant is necessary for action to become removable); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967) (action nonremovable when commenced may become removable only by the voluntary act of plaintiff); *Self v. General Motors Corp.*, 588 F.2d 655, 658 (9th Cir.1978) (voluntary-involuntary rule applies to diversity requirement); *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 597 (M.D.La.1983) ("While 28 U.S.C. § 1446(b) authorizes removal of a case not initially removable, within thirty days of the time it becomes removable, the jurisprudence is long and uniform to the effect that a case may become removable only by the voluntary action of the plaintiff").

■ In the case *sub judice*, defendant relies on *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988), for the proposition that the voluntary-involuntary rule does not apply when a dismissal, even though contrary to plaintiff's wishes, is based on jurisdictional grounds and does not relate to the merits of the case. The *Insinga* Court held that a case originally brought in state court was properly removed since

the nondiverse defendant had been dismissed on jurisdictional grounds. *Id.*

In this court's estimation, the Fifth Circuit, for good reason, has not followed the approach of *Insinga*. The *Insinga* approach, which is urged by the *sub judice* defendant, fails to recognize an important reason for the voluntary-involuntary rule—that an involuntary dismissal may subsequently be appealed by the plaintiff to a state appellate court and reversed. *Arthur v. E.I. du Pont*, 798 F.Supp. 367, 368 (S.D.W.Va.1992). As recognized by the district court in *Arthur*, a reversal on appeal "would destroy the diversity of the parties, make any action of the federal court a nullity, and offend, thereby, traditional notions of judicial economy." *Id.* at 368–69 (citation omitted). Thus, the *Arthur* court chose "to follow the reasoning of those recent decisions which focus solely on whether the plaintiff has voluntarily dismissed a nondiverse defendant, thus precluding a state appellate court reversal." *Id.* at 369, n. 2 (citations omitted).

This court agrees with the analysis of the *Arthur* court. The Fifth Circuit has not drawn the distinction that defendant here urges. To the contrary, the Fifth Circuit, in *Weems*, like the *Arthur* court, recognized the nonconclusive nature of dismissals by state trial courts and adopted the voluntary-involuntary rule in its purest form. *Weems*, 380 F.2d at 548–49. Accordingly, this court finds that the voluntary-involuntary rule is applicable to the facts at hand.

### 2. *Abandonment*

■ Defendant argues that even if the voluntary-involuntary rule is applicable to the instant action, plaintiff has clearly and definitively demonstrated a desire to abandon his claims against the resident defendants, leaving a controversy between only diverse citizens. According to defendant, plaintiff demonstrated this desire by "unreasonably failing to serve the resident defendants." It is well settled that service of process has no bearing on the es-

tablishment of diversity jurisdiction; the determinative factor is whether plaintiff's voluntary act has clearly and definitively expressed a desire to discontinue the action as to the nondiverse defendants. *See, e.g., New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 883 (5th Cir.1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service"); *Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 360 (N.D.Miss.1997) ("The fact that a non-diverse party has yet to be served with process has no effect upon the propriety of removal"); *Doe v. Armour Pharmaceutical Co.,* 837 F.Supp. 178, 186 (E.D.La.1993) (fact that nondiverse university medical school and physician were named as defendants but not served was not clear and definitive expression that plaintiffs desired their dismissal); *Aydell v. Sterns,* 677 F.Supp. 877, 881 (M.D.La. 1988) (plaintiff's request in state court petition to "withhold service" on non-diverse defendants was not clear and definitive expression by plaintiff that plaintiff desired to extinguish action against nondiverse defendants; therefore, removal was improper).

 In the case *sub judice,* with the exception of Oktibbeha County Hospital, plaintiff took no affirmative act to dismiss his suit against the nondiverse defendants. The state court judge dismissed the remaining nondiverse defendants, Mississippi Baptist Medical Center, Dr. Martin McMillan, and Dr. Kendall Blake, for plaintiff's failure to serve them timely. While plaintiff's failure to serve may have been unreasonable and without good cause, there is simply no evidence within the record that the dismissal of these defendants was "voluntary." Defendant has shown no expression by plaintiff which could conceivably be perceived as a clear and definite intention of discontinuing his claims against defendants, Mississippi Baptist Medical Center, Dr. Martin McMillan, and Dr. Kendall Blake. Moreover, the state court dismissed the remaining nondiverse defendants without prejudice meaning plaintiff could, at a later date, re-urge those claims. These factors persuade this court that the dismissals of the above-mentioned defendants were involuntary and subject to state appellate court review.

Accordingly, this court finds that defendant's removal of this action under Title 28 U.S.C. § 1441 *et seq.* was improper. The lawsuit is hereby remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.