Christopher NEWMAN, et al.

v.

MOTOROLA, INC., et al.

No. CIV.CCB–00–2609.

United States District Court, D. Maryland.

Sept. 30, 2002.

Barry E Fields, Jonathan E Hinkemeyer, Kirkland and Ellis, Chicago, IL, for Motorola, Inc.

Paul F. Strain, Christian L. Gaarder, Venable Baetjer and Howard LLP, Baltimore, MD, M King Hill, III, Venable Baetjer and Howard LLP, Towson, MD, Laura Owens, Jane Fugate Thorpe, Scott Elder, Alston and Bird LLP, Atlanta, GA, for Bell Atlantic Mobile, Inc.

Michael E. Cross, Southwestern Bell Mobile Systems Inc., Greenbelt, MD, Thomas C Watson, Curtis S Renner, Watson and Renner, Washington, DC, for Southwestern Bell Mobile Systems, Inc., Washington/Baltimore Cellular Ltd. PA.

Renee L. Dorsey, Law Offices of Michael G. Comeau, Baltimore, MD, Robert B Green, David B Irwin, Irwin Green Dexter and Murtha LLP, Towson, MD, for Cellular Telecommunication Industry Ass'n.

Daniel R. Lanier, Miles and Stockbridge, PC, Baltimore, MD, Paul Freehling, Chicago, IL, for Telecommunication Industry Ass'n.

H. Russell Smouse, Gary J. Ignatowski, John C.M. Angelos, Glenn Edward Mintzer, John A. Pica, Jr., Law Offices of Peter G Angelos, Baltimore, MD, for Christopher J. Newman.

H. Russell Smouse, Gary J. Ignatowski, John C.M. Angelos, Glenn Edward Mintzer, John A. Pica, Jr., Law Offices of Peter G Angelos, Baltimore, MD, Joanne L. Suder, Suder Law Firm, Baltimore, MD, for Mary Frances Newman.

Michael E. Yaggy, Kenneth L. Thompson, Anthony Michael Conti, Piper Rudnick LLP, Baltimore, MD, Terrence J Dee, Marchell M William, Garrett B Johnson,

## MEMORANDUM

BLAKE, District Judge.

Claiming that his use of wireless handheld telephones manufactured by Motorola, Inc. ("Motorola") between 1992 and 1998 caused his brain cancer, Dr. Christopher Newman and his wife filed suit in Baltimore City Circuit Court on August 1, 2000, naming various defendants. A first amended complaint was filed August 4, 2000, and on August 28, 2000, the defendants removed the case to this court, asserting that the only non-diverse defendant, Verizon Maryland, had been fraudulently joined. The plaintiffs filed a motion to remand on September 27, 2000, and then, with the defendants' consent, a

second amended complaint in October 2000.

The plaintiffs' remand motion was fully briefed, and oral argument was scheduled for December 12, 2000. On December 21, 2000, finding that Verizon Maryland had been fraudulently joined, this court denied the motion. *Newman v. Motorola*, 125 F.Supp.2d 717, 719–21 (D.Md.2000).[1]

Now pending is the plaintiffs' motion for leave to amend the second amended complaint insofar as they seek to add a new non-diverse defendant, Nationwide Motor Sales Corporation.[2] For the reasons that follow, finding that the primary, if not the only, purpose of adding Nationwide is to defeat diversity jurisdiction, the request to add Nationwide will be denied.

A chronology of events is useful to place the plaintiffs' request in its proper perspective. As noted, the initial, first, and second amended complaints contained only one Maryland defendant, the land line carrier Verizon. No mention was made of Nationwide, now alleged to be the company that on May 10, 1994 sold Dr. Newman one of the Motorola phones he used during the time period from 1992 to 1998. Nor was any reference made to a "John Doe" or other distributor unable to be identified by the plaintiffs.

On December 11, 2000, before any discovery was provided by the defendants, in a conference call just prior to the December 12, 2000 hearing on the remand motion, plaintiffs' counsel Joanne Suder for the first time stated that she intended to seek leave to add a new Maryland defendant. On the record at the hearing she identified Nationwide as the location where Dr. Newman purchased the cell phone and explained that she had just obtained from Dr. Newman "today" the evidence of the purchase that was necessary to add Nationwide as a defendant.[3] (Tr. 12/12/00 at 5–6).

In its December 21, 2000 Memorandum and Order denying the motion to remand, the court granted the plaintiffs permission to file a proposed third amended complaint for certain purposes. On January 16, 2001 new counsel John A. Pica, Jr. and the Angelos law firm entered their appearance and filed a motion for leave to amend with a proposed third amended complaint adding Nationwide. After briefing, oral argument was heard on July 13, 2001.[4] Just prior to the hearing, on July 11, 2001, Dr. Newman submitted an affidavit outlining his purchase of the phone and certain aspects of his medical history which he claimed interfered with his ability to locate

1. All claims against defendant SBC Communications, Inc. and Bell Atlantic Corporation were dismissed for lack of personal jurisdiction. *Newman*, 125 F.Supp.2d at 721–23.

2. Other aspects of the motion were resolved by Order entered July 3, 2001. In addition, on September 6, 2001, the court granted plaintiffs' request to withdraw the Third Amended Complaint attached to their motion and substitute a "Proposed" Third Amended Complaint and withdraw service to Nationwide.

3. Ms. Suder also stated during the December 11, 2000 conference call that she had approached the law firm of Peter G. Angelos approximately a week earlier to join the case.

A member of that firm attended the hearing on December 12th but did not participate because the firm had not yet decided to enter its appearance. (Tr. 12/12/00 at 5, 26–27.)

4. On July 3, 2001, the court issued an Order denying the plaintiffs' motion for leave to amend the second amended complaint insofar as it sought to state claims against SBC Communications, Inc., the Bell Atlantic Corporation ("Verizon Communications, Inc.") and Verizon Maryland Inc., and insofar as it sought to state claims which had already been dismissed with prejudice against the Telecommunications Industry Association and the Cellular Telecommunications Industry Association.

the receipt for that purchase (Pls. Supplemental Mem., Ex. 3).[5] Counsel reiterated that argument at the motions hearing, suggesting that Dr. Newman had been unable to recall where he purchased the phone and where the receipt was located "until December 2000 [when he] finally realized his records may have been organized and filed by his wife when they moved to their home, their new home." (Tr. 7/13/01 at 44).

 Against this background, the court will turn to the criteria under which this motion must be decided. The applicable statute is 28 U.S.C. § 1447(e). As the Fourth Circuit has explained:

"when a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e) . . . ."

*Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999). That statute provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e). Whether to permit or deny joinder "is committed to the sound discretion of the district court." *Mayes*, 198 F.3d at 462. While the question of fraudulent joinder can be an element of the district court's analysis, it is not dispositive. *Id.* at 461–62. Rather the court may consider

all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in

asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *See Gum[ v. Gen. Elec. Co.]*, 5 F.Supp.2d [412,] 414 [ (S.D.W.Va.1998) ] (quoting *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D.Va.1990) (citing *Hensgens[ v. Deere & Co.]*, 833 F.2d [1179,] 1182 [ (5th Cir.1987) ] )).

*Id.* at 462–63. The difficulties of parallel state and federal lawsuits are also to be considered. *Id.* at 463. The Fourth Circuit has emphasized the importance of careful scrutiny of attempt to add a nondiverse defendant, explaining

[e]specially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction. *See AIDS Counseling and Testing Centers[ v. Group W Television Inc.]*, 903 F.2d [1000,] 1003 [ (4th Cir.1990) ] (noting fact that "plaintiffs had filed their motion to amend shortly after the case was removed to federal court and before they had undertaken any discovery" supported denial of motion to amend); *Gum*, 5 F.Supp.2d at 415 (same). Careful scrutiny of attempts at post-removal, nondiverse joinder protects the diverse defendant's "interest in keeping the action in federal court." *See Coley*, 138 F.R.D. at 465 (citations omitted).

*Id.* at 463. An analysis of the relevant factors in this case fully supports the con-

This affidavit and the "supplemental memorandum" were filed without leave of court. An oral motion to strike the affidavit was made by defense counsel at the hearing, a subsequent memorandum in support of the motion was filed by the defendants and an opposition was filed by the plaintiffs. The court has considered the affidavit and now denies the defendants' motion to strike. Since the plaintiffs' Motion to Amend the Second Amended Complaint is denied in relevant part, the defendants are not prejudiced by the denial of their motion to strike.

clusion that joinder of Nationwide should be denied.

■ Applying the first factor, the chronology of events and the inconsistencies in the representations made by the plaintiffs strongly suggest that the purpose of the amendment is to defeat federal jurisdiction. Dr. Newman's carefully worded affidavit of July 11, 2001 simply provides no sufficient explanation for the failure of the plaintiffs or their counsel to even mention the possibility of naming the seller of the Motorola phone as a defendant until the eve of the December 12, 2000 hearing on the motion to remand. Nor is the reliance on his "loss of memory" until some unspecified date (presumably in December 2000) consistent with his medical records in 2000 and his statements, through counsel, in unrelated state custody litigation.[6] New counsel proffered at the July 13, 2001 hearing that Ms. Suder's firm had made efforts to have Dr. Newman locate the record of purchase at some earlier date, but that was not supported by Dr. Newman's affidavit or with any other evidence.

The second factor to be considered is that of plaintiffs' delay. As in *Gum*, the second and first factor coincide: no attempt was made to add the nondiverse defendant until after removal, on the eve of the remand hearing, although the relevant facts, as explained, were in the possession of the plaintiffs well before suit was filed. Further, it appears that the relevant receipt was in a file cabinet organized by Mrs. Newman, also a plaintiff, and was readily accessible once it became important to obtain.

The third factor, whether denial of the request would cause significant injury to the plaintiffs, also weighs in favor of the defendants. The plaintiffs face a difficult task in prevailing against any defendant, but if they do prevail, there is no reason to expect they could not fully recover their damages from the manufacturer and other defendants named in federal court. There is no greater or different relief to be obtained from Nationwide. *See Buttons v. Nat'l Broad. Co., Inc.*, 858 F.Supp. 1025, 1027 (C.D.Ca.1994).[7]

Considering these factors, and considering also the interest of the multiple diverse defendants in maintaining their federal forum, *see Mayes*, 198 F.3d at 463, the court is fully persuaded that the plaintiffs' request to add Nationwide as an additional defendant should be denied.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. This will resolve the remaining issue in Plaintiffs' Motion for Leave to Amend the Second Amended Complaint (docket no.76);

2. Plaintiffs are **granted** permission to amend their complaint in order to supplement certain claims against current defendants as indicated in the "proposed" third amended complaint (docket no. 107) filed with this court;

3. Plaintiffs are **not granted** permission to amend the complaint to join Nationwide Motor Sales Corporation;

4. Defendants' oral motion of July 13, 2001, to strike the affidavit of Christopher J. Newman is **denied**; and

5. The Clerk shall send copies of this Order and the accompanying Memoran-

---

**6.** These inconsistencies are highlighted in the exhibits submitted by defense counsel at oral argument. (Defs. Opp'n to Pls. Mot. for Leave to Amend, Exs.)

**7.** The plaintiffs also could have pursued their claim against Nationwide in state court.

dum to counsel of record, and to William C. Parler, Jr., counsel for Nationwide.