Martin ROSE, Jr., Plaintiff,

v.

The DREDGE ENTERPRISE, Official Number 515902, her engines, tackle, apparel, etc., in rem, the O/S Snapper, Official Number 906305, her engines, tackle, apparel, etc., in rem, Atlantic Yacht Basin, Inc., a Virginia Corporation, in personam, and Atkinson Dredging Company, a Virginia Corporation, in personam, Defendants.

No. 87–27–CIV–4A.

United States District Court,
E.D. North Carolina,
New Bern Division.

April 28, 1988.

Steven L. Weeks, Wheatly, Wheatly, Nobles & Weeks, Beaufort, N.C., for plaintiff.

J. Randall Hiner, Ward & Smith, Havelock, N.C., for defendants.

## ORDER

CHARLES K. McCOTTER, Jr.,
United States Magistrate.

This matter is before the Court on the plaintiff's motion for leave to amend complaint. The plaintiff, injured while employed as a crew member of the dredge ENTERPRISE, brought this action pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law of unseaworthiness. In his complaint, the plaintiff requested a jury trial under the Jones Act and also stated that the action was within the admiralty and maritime jurisdiction of the court within the meaning of Rule 9(h), Fed.R.Civ. P. The defendants contend that the plaintiff is not entitled to a jury trial, since the plaintiff has designated this as an admiralty and maritime claim under Rule 9(h).

The plaintiff brought this action *in rem* against the vessel and *in personam* against the owners of the vessel. The plaintiff originally invoked Rule 9(h) and has utilized traditional admiralty and maritime procedures of the *in rem* action. The

**40**

plaintiff used Rule C of the Supplemental Rules of Civil Procedure for Admiralty Claims to secure a warrant arresting the vessel.

 Once a plaintiff invokes admiralty procedures, he is not entitled to a jury trial without some alternative source of federal jurisdiction. *See Hassinger v. Tideland Electric Membership Corp.,* 627 F.Supp. 65, 75–76 (E.D.N.C.1985), *affd.,* 781 F.2d 1022 (4th Cir.1986), *cert. denied,* 478 U.S. 1004, 106 S.Ct. 3294, 92 L.Ed.2d 709 (1986); *see also, Durden v. Exxon Corp.,* 803 F.2d 845, 1987 A.M.C. 1666 (5th Cir.1986). Plaintiff's Jones Act claim provides the alternate statutory basis. *Id.* In *Fitzgerald v. U.S. Lines,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the court required jury trial of general maritime claims of unseaworthiness, maintenance and cure where those claims arose out of the same set of circumstances as a Jones Act claim being tried by jury. Where the nonadmiralty claims and admiralty claims are so interrelated as to require trial by a single factfinder, and each rests on an independent basis sufficient to support federal jurisdiction, the constitutionally-protected right to a jury trial of civil claims outweighs the tradition of nonjury trials in admiralty. *Hassinger v. Tideland Electric Membership Corp., supra; Duhon v. Koch Exploration Co.,* 628 F.Supp. 925 (W.D.La.1986).

 Rule 9(h) permits the amendment of a pleading under the principles of Rule 15 to add or withdraw an identifying statement. *Duhon v. Koch Exploration Co., supra.* Accordingly, the plaintiff's motion to amend his complaint is ALLOWED to delete reference to this action as one within the admiralty and maritime jurisdiction of the court under Rule 9(h) of the Federal Rules of Civil Procedure. In the absence of undue delay, bad faith, or prejudice, leave to amend under Rule 15 of the Federal Rules of Civil Procedure should be freely given. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980).

The parties have also filed a joint motion to continue the trial of the action. The trial of the case is currently scheduled to begin on May 31, 1988. The motion to continue is ALLOWED, and the Clerk of Court shall reschedule this matter at a later date.