**SUBARU DISTRIBUTORS CORPORATION,**
Plaintiff,

v.

**GENERAL SHIP CORPORATION,**
Boston Edison Company,
Defendants.

**GENERAL SHIP CORPORATION,**
Third–Party Plaintiff,

v.

**UNITED STATES of America, Boston Edison Company, Third–Party Defendants.**

Civil Action No. 90–13094–MLW.

United States District Court,
D. Massachusetts.

June 24, 1996.

John Woodward, Seder & Chandler, Worcester, MA, for Subaru Distributors, Corp.

Thomas J. Muzyka, Clinton & Muzyka, Boston, MA, for General Ship Corp.

R. Scott Blaze, Washington, DC, for U.S.

Andrea Peraner–Sweet, Francis J. Sally, Sally & Fitch, Boston, MA, for Boston Edison.

### MEMORANDUM AND ORDER ON MOTIONS TO STRIKE JURY DEMANDS

COLLINGS, United States Magistrate Judge.

Upon a review of applicable case law, especially the case of *Tokyo Marine & Fire Insurance Co. Ltd. v. Perez and CIA De Puerto Rico,* 893 F.Supp. 132 (D.P.R., 1995), it is highly likely that the plaintiff's claims in this case are not within this Court's admiralty jurisdiction. Since the plaintiff asserts jurisdiction on the basis of diversity, I need not decide the question of whether admiralty jurisdiction exists if the plaintiff has not designated the case as one to be heard in admiralty, or, if it has, if it may now disclaim any reliance on admiralty jurisdiction and thereby preserve its right to trial by jury.

The first paragraph of the Amended Complaint (# 65) reads as follows:

### *JURISDICTION*

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1333 and 46 U.S.C.App. § 740. The matter in controversy exceeds the sum of $50,000 exclusive of interest and costs.

The last sentence in the Amended Complaint reads:

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

The basis of the motion of the defendants to strike the jury demand is that by so wording the amended complaint, the plaintiff has designated this case as one brought in admiralty and, as such, the plaintiff has no right to a jury trial.[1] The plaintiff takes the position that the wording does not amount to a designation of the case as an admiralty case, and in any event, the plaintiff should be granted leave to amend its complaint further to eliminate the words "28 U.S.C. § 1333 and 46 U.S.C.App. § 740" in the first sentence of the first paragraph.[2]

■ It is uncontested that plaintiff's amended complaint does not contain any reference to Rule 9(h), Fed.R.Civ.P., which permits a party in a case in which more than one basis of jurisdiction exists to ". . . identify the claim as an admiralty or maritime claim." *See Carey v. Bahama Cruise Lines,* 864 F.2d 201, 206 (1 Cir., 1988). I agree with the plaintiff that what is recited in the Amended Complaint, i.e., "28 U.S.C. § 1333 and 46 U.S.C.App. § 740," is not sufficient to designate this case as an admiralty case under Rule 9(h), Fed.R.Civ.P. *Lewis v. United States,* 812 F.Supp. 620, 626–629 (E.D.Va., 1993); *Siragusa v. Standard Steamship Owners Protection,* 710 F.Supp. 404, 407 (D.P.R., 1989); citing *Banks v. Hanover Steamship Corporation,* 43 F.R.D. 374, 376–7 (D.Md., 1967). I recognize that the law in

the Fifth Circuit appears to be otherwise. *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 345 (5 Cir., 1991); *Durden v. Exxon Corporation,* 803 F.2d 845, 846, 848–50 (5 Cir., 1986); *T.N.T. Marine Service, Inc. v. Weaver Shipyards and Dry Docks, Inc.,* 702 F.2d 585, 587–8 (5 Cir., 1983), *cert. denied,* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249, 1252–54 (5 Cir., 1975). But I agree with Judge Payne when he wrote that ". . . the better view is that invoking the admiralty jurisdiction requires an identification of the claim as one in admiralty in accordance with Rule 9(h)." *Lewis,* 812 F.Supp. at 628.

■ But even if plaintiff's choice of language was sufficient to identify its claims as admiralty claims, I can see no reason why plaintiff should not be permitted to amend its complaint to eliminate the reference to 28 U.S.C. § 1333 and 46 U.S.C.App. § 740. Rule 9(h), Fed.R.Civ.P., provides, in pertinent part, that "[t]he amendment of a pleading to add **or withdraw** an identifying statement is governed by the principles of Rule 15." (emphasis added) Pursuant to Rule 15(a), Fed.R.Civ.P., when a party seeks to amend a pleading, "leave **shall** be freely given when justice so requires." (emphasis supplied) Thus, by the plain terms of Rules 9(h) and 15(a), Fed.R.Civ.P., I am required to grant a plaintiff leave to withdraw a 9(h) designation "when justice so requires" and I must grant such leave "freely."

I find that justice does so require in this case. First, under the "savings to suitors" clause, 28 U.S.C. § 1333(1), a plaintiff who has a claim which can be brought either as an admiralty claim or on the basis of diversity has the right to choose whether to invoke admiralty jurisdiction or diversity jurisdiction. Although there are circumstances in which a party cannot revoke a choice once made, if plaintiff's choice can be honored, it should be. *Duhon v. Koch Exploration Co.,* 628 F.Supp. 925, 928–30 (W.D.La., 1986).

---

1. It is agreed by all parties that there is no right to a trial by jury as to any claims against the United States.

2. It is undisputed that the reference to 28 U.S.C. § 1333 is to the Court's admiralty jurisdiction and the reference to 46 U.S.C.App. § 740 refers to the Admiralty Extension Act.

Second, if a party chooses admiralty jurisdiction, the party is afforded the ability to avail himself of rules and procedures which would not otherwise be available if the claims were not designated as being in admiralty. *T.N.T. Marine Service, Inc.*, 702 F.2d at 586; *Lewis*, 812 F.Supp. at 627. The plaintiff in the instant case has not invoked any of those special rules and procedures. It follows that there is no prejudice to the other parties if the plaintiff is allowed to proceed only on the basis of diversity; put another way, the plaintiff has gained no advantage by having referenced admiralty jurisdiction in the amended complaint.

Third, numerous cases hold that in such circumstances, leave to amend should be granted. *Rose v. The Dredge Enterprise*, 120 F.R.D. 39, 40 (E.D.N.C., 1988); *Forbes v. A & P Boat Rentals, Inc.*, 689 F.Supp. 625, 629 (E.D.La., 1988); *Duhon*, 628 F.Supp. at 928–30. In fact, the court in the *Romero* case noted that:

> ... Romero could have obtained a jury trial on all claims simply by omitting or withdrawing the 9(h) designation in his complaint and bringing his entire suit as a civil action. (citation omitted) Yet, he persistently refused to seek an amendment aimed at withdrawing the admiralty identification.

*Romero*, 515 F.2d at 1254.

In addition, the Fifth Circuit has held that a refusal to allow a plaintiff to amend his complaint to delete the invocation of admiralty jurisdiction is an abuse of discretion. *Conti v. Sanko Steamship Company, Ltd.*, 912 F.2d 816, 817–820 (5 Cir., 1990).

Accordingly, it is ORDERED that Defendant, General Ship Corporation and Third-Party Defendant, the United States of America's Motion to Strike the Plaintiff's Jury Trial Demand (# 149) and the Motion of Boston Edison Company to Strike Jury Demand of Plaintiff Subaru Distributors Corporation (# 197) be, and the same hereby are, DENIED. As requested by plaintiff,[3] leave is granted to Subaru Distributors Corporation to amend its complaint by deleting the words "28 U.S.C. § 1333 and 46 U.S.C.App. § 740."

---

3. Memorandum, Etc. (# 139) at p. 6.