**Charles Lee STYRON, Plaintiff,**

v.

**NORFOLK DREDGING COMPANY,
Defendant.**

**No. 4:09–CV–45–BO.**

United States District Court,
E.D. North Carolina,
Eastern Division.

Oct. 11, 2009.

Stevenson L. Weeks, Wheatly, Wheatly, Weeks & Lupton, P.A., Beaufort, NC, for Plaintiff.

James L. Chapman, IV, Steven Michael Stancliff, Crenshaw Ware & Martin, P.L.C., Norfolk, VA, for Defendant.

### ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Jury Demand. Plaintiff argues that he elected to proceed under this Court's admiralty jurisdiction, and thus Defendant is not entitled to a jury trial. For the reasons stated below, Plaintiff's Motion is GRANTED.

### INTRODUCTION

Plaintiff, Charles Lee Styron, filed a complaint on March 24, 2009, alleging that he

was injured while working on Defendant's dredge PULLEN as a result of negligence on the part of Defendant and Defendant's agents and the unsafe and unseaworthy condition of Defendant's vessel. Defendant demanded a jury trial on May 13, 2009. Plaintiff filed this Motion to Strike Defendant's Jury Demand on June 8, 2009. Defendant replied on July 1, 2009. Plaintiff replied on July 15, 2009. Plaintiff's motion is now ripe for ruling.

### DISCUSSION

Because Plaintiff brought this complaint under the Court's admiralty jurisdiction, Defendant is not entitled to a jury trial. "The Seventh Amendment's guarantee of a jury trial, ... applies only to cases at law, a category that does not include maritime cases." *In re: Lockheed Martin Corp.,* 503 F.3d 351, 354 (4th Cir.2007). The savings-to-suitors clause gives a plaintiff in a maritime case alleging an in personam claim three options: (1) the plaintiff may file suit in federal court under admiralty jurisdiction; (2) the plaintiff may file in federal court under diversity jurisdiction if applicable; or (3) the plaintiff may file in state court. *Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines,* 369 U.S. 355, 360, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962).

Federal Rule of Civil Procedure 9(h) provides that "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82." Although a direct citation of rule 9(h) may be the best practice to eliminate ambiguity, 5A Wright & Miller, *Federal Practice and Procedure* § 1313 (3d ed.2004), "nothing in Rule 9(h) restricts the invocation of admiralty jurisdiction to a specific citation to that rule." *Foulk v. Donjon Marine Co.,* 144 F.3d 252, 256 (3d Cir.1998).

Plaintiff has satisfied the Rule 9(h) requirement of designating his claim as one within the Court's admiralty jurisdiction. The header of Plaintiff's complaint contained the words "In Admiralty" as required by Local Rule 207(a), which states that "Every complaint filed as a Fed.R.Civ.P. 9(h) action shall set forth 'In Admiralty' following the designation of the court, in addition to the statement, if any, contained in the body of the complaint pursuant to such rule." Plaintiff's complaint also alleges that "Jurisdiction is also vested by virtue of the General Maritime Laws of the United States." Setting forth the General Maritime Laws of the United States as a basis for jurisdiction in addition to identifying a claim as one in admiralty in the header indicates an election to proceed in admiralty even where a plaintiff also alleges diversity of citizenship. *Teal v. Eagle Fleet Inc.,* 933 F.2d 341, 345 (5th Cir.1991); *see also Banks v. Hanover Steamship Corp.,* 43 F.R.D. 374, 376–77 (D.Md. 1967) (Requiring both an allegation of admiralty jurisdiction and a statement identifying the pleading as an admiralty claim where both admiralty and other jurisdiction exist).

Defendant's reliance on *Lewis v. U.S.,* 812 F.Supp. 620 (E.D.Va.1992), is inapposite. Unlike *Lewis,* Plaintiff here invoked the jurisdiction of the General Maritime Laws of the United States rather than simply alleging that the action involved the Maritime Laws, identified his complaint as "In Admiralty" in the header, and did not demand a jury.

### CONCLUSION

In sum, Plaintiff has satisfied the Rule 9(h) requirement of designating his claim as an admiralty or maritime claim. Therefore, Plaintiff's Motion to Strike Defendant's Jury Demand is GRANTED because Plaintiff elected in his complaint to proceed under this Court's admiralty jurisdiction.